UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In Re:  Bankruptcy Case No.: 21-14815 -LMI

Violeta Marina Nunez,  Chapter 13

    Debtor

_____/

Violeta Marina Nunez,  Adversary Proceeding Case Number: 21-01157

    Plaintiff,

v.

Wilmington Savings Fund Society,

    Defendant.

_____/

**AMENDED COMPLAINT TO AVOID A PREFERENCE PURSUANT TO 11 U.S.C. § 547(b) AND OTHER RELATED RELIEF**

**COMES NOW** the Plaintiff, **VIOLETA MARINA NUNEZ**, (referred to hereafter as "Debtor" or "Plaintiff"), by and through her undersigned counsel and brings this Amended Complaint against Wilmington Savings Fund Society, (referred to hereafter as "Creditor" or "Defendant"), to avoid a preference and recover property pursuant to 11. U.S.C. § 547, 550 and 551 and other related relief. In support of the Complaint the Debtor respectfully alleges as follows:

**PARTIES**

1. The Plaintiff is the Debtor in the above captioned bankruptcy case having filed a Chapter 13 Bankruptcy Petition in this Court on or about May 18, 2021.

2. The Debtor's address is 14920 SW 82nd Lane, Miami, FL 33193-3112.

3. The Defendant is a bank insured by the FDIC. It is the holder of the Note connected to the Mortgage on the Property, which as noted above is the Debtor's principal residence, for which the Debtor Plaintiff is liable. The Defendant's address, listed on page 2 of the Final Judgment is: 939 W. North Avenue, Suite 680, Chicago, IL 60642. The address for Wilmington Savings Fund Society, FSB listed in the FDIC website is 500 Delaware Avenue, Wilmington, DE 19801. Under information and belief, Rodger Levenson has been the CEO of Wilmington Savings Fund Society, FSB., since January 1, 2019.

### JURISDICTION AND VENUE

4. This is an adversary proceeding instituted pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.

5. This Court has jurisdiction over this adversary proceeding and the claims asserted herein pursuant to 28 U.S.C. §1334(b).

6. This matter constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (H) and (O).

7. Venue properly lies in the Southern District of Florida pursuant to 28 U.S.C. §1409(a).

### FACTS COMMON TO ALL COUNTS

8. Prior to April 13, 2021, the Debtor owned certain real property located at 14920 SW 82nd Lane, Miami, FL 33193-3112 (the "Property"). The Property is the Plaintiff's homestead and family residence.

9. Wilmington Savings Fund Society (the "Defendant") filed a complaint to foreclose the mortgage on the Property on August 25, 2020 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida with Case

Number 2020-017983-CA-01 (The "Foreclosure Complaint").

10. A Final Judgment was entered in the Foreclosure Complaint on January 27, 2021 in the amount of $150,164.85.

11. In the Final Judgment the sale of the Property was set for April 7, 2021 at 9:00 AM. The sale of the Property was ultimately held on April 13, 2021 and the Defendant was the successful bidder utilizing its Foreclosure Judgment to purchase the Property at the Foreclosure Sale. A copy of the Certificate of Sale is attached hereto and incorporated herein and reflects that the property sold for $69,100.00.

12. At the time of the sale, the Property was worth $192,000.00.

13. The Waterview Condo Association, Inc., is a Condominium Association which is owed approximately $6,098.18, which includes regular assessments as well as special assessments on the Property.

14. The Debtor Plaintiff is proposing a feasible plan which provides for paying back over five (5) years the arrearages owed to the Defendant as well as to the Condominium Association. The Condominium Association pursuant to Florida law will not be paid the full amount owed if the foreclosure sale is not vacated.

## 11 U.S.C. SECTION 547(b) ACTION

15. The Plaintiff alleges a violation of 11 U.S.C. § 547(b) and further alleges that at the time of the foreclosure Plaintiff was insolvent.

16. The Defendant received more than it would have received under a Chapter 7, because it was only owed $150,164.85 and received the Property which was worth $192,000.00.

17. Pursuant to 11 U.S.C. 547 as incorporated by 11 U.S.C. § 522(h), Plaintiff seeks an avoidance of the transfer of property resulting from the April 13, 2021 foreclosure.

### PRAYER

18. Accordingly, Plaintiff prays the Foreclosure Sale be vacated on the "Property" pursuant to 11 U.S.C. § 547(b) and any other relief Plaintiff may be justly entitled to receive.

**WHEREFORE**, the above reasons Debtor prays this Honorable Court enter a Judgment Vacating the Foreclosure Sale on the "Property."

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing along with the accompanying Notice of Hearing was mailed this 25th day of June 2021, to **Nancy K. Neidich, Trustee,** (via NEF), **Wilmington Savings Fund Society, c/o Elizabeth R Brusa, Esq.,** via NEF and **Debtor** in the instant case via regular mail.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1-A.

/s/Laila S. Gonzalez
FREIRE & GONZALEZ, P.A.
Attorneys for Debtor(s)
Edward Freire, Esq. FBN: 0813771
***Laila S. Gonzalez, Esq. FBN: 0975291***
Gianny Blanco, Esq. FBN: 0078080
10691 N. Kendall Dr., Suite 207
Miami, FL 33176
Tel: 305-826-1774
Fax: 305-826-1794
courtdoc@fgbkc.com